FRANK BRACELIN v. JOHN B. McLAREN.

*Dwelling-house, when part of the realty.*

Plaintiff brought trover for the value of a dwelling-house erected by him on land purchased under a parol contract, partly performed, which he had occupied for some years and then rented to a tenant, who was ousted by defendant under a claim of title.

*Held,* that he could not recover. That he could not at the same time treat the building as realty and personalty, and when he rented it he necessarily rented it as a tenement, to stand where it was.

Error to Muskegon. (Russell, J.) Argued November 12, 1885. Decided January 27, 1886.

Trover. Defendant brings error. Reversed. The facts are stated in the opinions.

*H. B. Carpenter,* for appellant:

Where parties agree that as between themselves a dwelling house shall be considered a personal chattel it takes that character: *Smith v. Benson,* 1 Hill, 176; and this is undoubtedly a statement of the law as it stands to-day. No such agreement is pretended to have existed in this case. Bracelin built the house on land he had agreed to purchase, *for a home,* occupied it for years, and when his pecuniary interests are affected by reason of the claim of its annexation to the freehold, asserts it to be a chattel. His acts, as stated, denote an intention to make it a part of the land. It acquired a homestead character, for a homestead is protected where one is in possession under a land contract: *McKee v. Wilcox,* 11 Mich. 358.

The contract was for a purchase, and under it the plaintiff took possession, built a house upon the land, expended money upon it in other improvements, occupied it more than four years for a home, rented it for more than five years, keeping it through all these years of depreciating values, and insisting upon its possession longer by demanding *possession of the premises* from one who went in without his permission.

Under such circumstances what rule of damages would be practicable in a suit at law brought by either?

This Court and the appellate courts of other States in a large number of cases have decided there is none, and a remedy must be sought in equity in a suit for specific performance: *Norris v. Showerman*, 2 Doug. 16; *Weed v. Terry*, Ib. 350; *Holland v. Hoyt*, 14 Mich. 242; *Scott v. Bush*, 26 Ib. 422; *Cilley v. Burkholder*, 41 Mich. 752; *Morrison v. Berry*, 42 Ib. 389; *Kinyon v. Young*, 44 Ib. 342; *Davis v. Strobridge*, Ib. 157; *Lamb v. Hinman*, 46 Ib. 116; *Murphy v. Stever*, 47 Ib. 522.

*Frank Bracelin* and *Smith, Nims, Hoyt & Erwin*, for plaintiff:

The arrangement to purchase the land to be completed in the future, made the house erected thereon personal property. One of the tests to be applied in this case, bearing on this question is, could plaintiff, under the facts shown, have compelled the specific performance of the contract? Clearly not. He could possibly have compelled the execution of a deed, but not the payment by Sanford of the Collin's mortgage.

Again it was a parol agreement for the sale of land, with no part performance and void under sec. 6181 How. Stat. and Sanford's only remedy was to eject plaintiff and pay him for the house: *Davis v. Strobridge*, 44 Mich. 157. Defendant was not a purchaser without notice, under *Warren v. Grand Haven*, 30 Mich. 24.

CAMPBELL, C. J. In this case plaintiff himself testifies in effect that he built the house in question upon a parol contract, partly performed, for the purchase of the land, and occupied it for some years, and then rented it to a party who was ousted by McLaren under claim of title. Plaintiff could not at the same time treat the house as realty and personalty; and when he rented the house to a tenant he necessarily rented it as a tenement, to stand where it was. How the assertion of possession of the land with the house on it, and intended to stay on it, could be treated as a conversion of personal property is beyond my understanding of the rules of law.

I think the plaintiff proved himself out of court, and that defendant should have had judgment.

MORSE and CHAMPLIN, JJ., concurred.

SHERWOOD, J., (*dissenting.*) The plaintiff sued the defendant in an action of trover, commencing suit by *capias*, to recover for a dwelling-house.

The plaintiff claimed the house was personal property, and as such, under the circumstances, he was permitted to recover in the Muskegon circuit, on a trial before a jury.

The defendant brings error. The bill of exceptions does not purport to contain all the testimony in the case.

It appears that S. R. Sanford owned the lot upon which the house was built in 1874, and that, upon this, with other property, there was a mortgage of some $1,300. In that year the plaintiff claims that he agreed with Sanford, for a contract thereafter to be made, for the purchase of the lot; that such agreement was a verbal one; and no money was to be paid until the contract was made, and then he was to have five years within which to pay for the lot. The contract was not to be made until the mortgage was taken off the premises. With the expectation of finally purchasing the property, the plaintiff went on and built the house in question upon the lot, not attaching it to the freehold, except by placing it on blocks, and without building any cellar or cellar wall under it. In this manner the plaintiff was permitted to occupy the lot until foreclosure of the mortgage was commenced, at which time, the house being temporarily unoccupied for a few days, the defendant took possession thereof, in the absence of the plaintiff, and placed therein his tenant, who refused to surrender up the house to the plaintiff when requested by the latter; and thereupon the plaintiff brought this suit. The record also tends to show that the plaintiff never claimed any title to the lot, or any other interest therein, save such as is shown by the verbal understanding above stated. Plaintiff further claims that his occupancy was in the nature of a license to use the lot at will, rather than a contract for the purchase thereof; that the arrangement for a contract for the purchase even was never completed; and that the house built, as it was standing thereon, was never anything more than personal property, and liable to be removed at his pleasure; that the defendant

never acquired any interest therein, either legal or equitable; and that he is entitled to the same remedies for its conversion as for the conversion of any other personal property.

The defendant's contention upon the trial was that the contract between Sanford and plaintiff was absolute for the sale of the lot, and by virtue of which the defendant went into the possession thereof, and built the house thereon, intending it for his home; that the house became a part of the realty, and defendant cannot be made liable in this action; that the defendant re-entered under tax titles, and peaceably; that they covered the house as well as the land, and a demand of possession should have been made upon the defendant for possession before suit could be brought; that, in the absence of any showing to the contrary, it must be presumed that the house was assessed with the lot. And it was further insisted, upon the hearing in this Court, that, if the plaintiff was entitled to any remedy upon the showing made, it must have been in equity.

The court in the charge told the jury it was the duty of the plaintiff to establish, by a fair preponderance of the evidence, that the house was personal estate, or he could not recover, and if he did so establish that fact he would be entitled to recover; that, presumably, the house was real estate, and until the plaintiff showed the contrary he could not recover. The question, therefore, as to the character of the property in the house was clearly submitted to the jury; and their verdict being general, it was against the defendant. This substantially disposed of the case.

The defendant could not acquire any additional rights, by virtue of a tax sale to himself of his own land, in the house built by the defendant under the circumstances this was; and if he did not, and the building was personal property, it belonged to the plaintiff, and the defendant's entry and conversion of its use was wrong, and no demand was necessary to be made upon him for it before bringing this suit.

I think the charge of the court was very fair, and find no error in his rulings upon the trial.

The judgment should therefore be affirmed.